**UNITED STATES of America, ex rel., Kurt V. WERNER Plaintiffs,**

**v.**

**FUENTEZ SYSTEMS CONCEPTS, INC.; Unisys Corporation; Systems Resources Corporation; BAE Systems, Inc.; PRC Corporation; Affiliated Computer Systems, Inc.; STG, Inc.; ATS Incorporated; and Signal Corporation Defendants.**

**No. CIV.A.3:00 CV 95.**

United States District Court, N.D. West Virginia, In Martinsburg.

March 31, 2004.

---

Rita R. Valdrini, AUSA, United States Attorney, Wheeling, WV, Wm. Richard McCune, Jr., Michelle D. Baldwin, Martinsburg, WV, Stephen D. Halfhill, Candace S. McCall, Allred, Bacon, Halfhill & Young, Fairfax, VA, Benjamin J. Vernia, Washington, DC, for Plaintiffs.

Charles F. Printz, Jr., Brian M. Peterson, Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV, F. Joseph Warin, Robert C. Blume, Gibson, Dunn & Cruthcer, LLP, Washington, DC, F. Samuel Byrer, Nichols & Skinner, LC, Charles Town, WV, Richard J. Webber, Lisa A. Estrada, Arent, Fox, Kintner, Plotkin & Kahn, PLLC, Dale A. Buck, Martin & Seibert, Martinsburg, WV, Marc F. Efron, Jody Goodman, J. Catherine Kunz, Crowell & Moring, LLP, Washington, DC, William Prentice Young, Martinsburg, WV, Michael B. Hubbard, Washington, DC, Stephen P. Goodwin, Goodwin & Goodwin, Charleston, WV, William W. Thompson, Jr., Michael A. Branca, Thompson & Waldron, Alexandria, VA, Richard G. Gay, Nathan P. Cochran, Berkeley Springs, WV, Kenneth Ingram, Edward H. Kim, Whiteford, Taylor & Preston, LLP, Alisa M. Wrase, Whiteford, Taylor & Preston, Washington, DC, Tammy Mitchell Bittorf, Layva, Bittorf & Santa Barbara, PLLC, Kenneth J. Barton, Jr., Steptoe & Johnson, Martinsburg, WV, Daniel B. Abrahams, Raymond Fioravanti, Epstein, Becker, & Green, PC, Constance A. Wilkinson, Epstein Becker and Green, Christopher K. Robertson, Jackson & Kelly, PLLC, Martinsburg, WV, Richard J. Conway, Washington, DC, Tara M. Newmyer, Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

BROADWATER, District Judge.

The relator, Kurt Werner, brought this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., alleging that the named defendants submitted false time sheets and invoices to the United States Coast Guard. The defendants have filed motions for summary judgment. Those motions are **GRANTED** for the reasons stated within this Opinion.

### *FACTS*

Before his retirement in 2001, Kurt Werner was the security director and project officer at the United States Coast Guard Operations Systems Center ("OSC") located in Martinsburg, West Vir-

ginia. In 1996, the U.S. Coast Guard ("Coast Guard") entered into a five year contract with defendant Fuentez Systems Concepts, Inc. ("Fuentez") to perform computer programming and support services at the OSC. Fuentez was the prime contractor for the project. Defendants BAE Systems, Affiliated Computer Systems, Inc., PRC Corporation, and STG, Inc. all provided subcontracting services under Fuentez. The other defendants in this case, Unisys Corporation ("Unisys"), ATS Incorporated, and Signal Corporation provided technical and computer services for the Coast Guard at the OSC under separate contracts with the General Services Administration.

The defendant contractors submitted monthly invoices to the Coast Guard for labor and materials expenses and included periods for what Mr. Werner's complaint termed "time not worked" or "non-contract events." Specifically, those periods included time attributable to facility closures due to inclement weather, employee participation in Coast Guard Day, employee attendance at Steven Covey seminars, and various social and recreational activities. Those submissions are the subject matter of the present action.

### STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R.Civ.P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505 (citations omitted).

### DISCUSSION

Section 3729(a)(1) of the FCA imposes civil liability on any person or institution who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval." A person acts "knowingly" if he knows the record or statement is false or acts in deliberate ignorance of, or with reckless disregard for, the truth or falsity of the record or statement. 31 U.S.C. § 3729(b). To state a claim under the FCA, the plaintiff must prove: (1) that the defendant made a false statement or engaged in a fraudulent

course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir.1999).

During discovery, depositions were taken of Coast Guard officials responsible for handling the contracts with the defendants. Those depositions revealed that the officials were aware of and condoned the defendants' billing practices. The defendants' argue that the Coast Guard's knowledge of the defendants' billing practices negates the scienter requirement in the False Claims Act. The plaintiff argues that the defendants' knew that their invoices did not match the actual time worked. Therefore, the defendants disregarded the falsity of their invoices when they submitted them to the Coast Guard.

The controlling law in this circuit is clear on this issue. In *U.S. ex rel. Becker v. Westinghouse Savannah*, the Fourth Circuit held that "the government's knowledge of facts underlying an allegedly false record or statement can negate the scienter required for an FCA violation." 305 F.3d 284, 289 (4th Cir.2002). Besides the Fourth, at least four other circuits have held that prior government knowledge of an allegedly false claim can negate the FCA's scienter requirement. *United States ex rel. Hagood v. Sonoma County Water Agency*, 929 F.2d 1416, 1421 (9th Cir.1991); *United States ex rel. Kreindler v. United Techs, Corp.*, 985 F.2d 1148, 1157 (2d Cir.1993); *United States ex rel. Durcholz v. FKW, Inc.*, 189 F.3d 542, 543 (7th Cir.1999); *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 519, 534 (10th Cir.2000).

In this case, the depositions of Coast Guard and other government officials reveal that not only did they have full knowledge of the defendants' billing practices, those officials directed the defendants to bill for time not worked during the events described in the plaintiff's complaint. Specifically, the Coast Guard directed the defendants to fully bill for labor expenses during facility closures and delays due to inclement weather, contract workers' attendance at Coast Guard Day functions and attendance at Steven Covey seminars. As mandated by *Becker*, any scienter requirement is negated by the government's knowledge and approval. Therefore, the instant defendants cannot be held liable under the FCA. Accordingly, summary judgment is **GRANTED** as to all defendants and the matter is **DISMISSED**. The clerk is directed to remove the case from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.